/h/ljg/23100579/dec action/joint report on meeting – Rule 26(f)
MJP/coa

United States District Court
Southern District of Texas
FILED

JUN 2 2 2001

Michael N. Milby
Clerk of Court

COPY

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALLSTATE CASUALTY COMPANY, | § | |
| PLAINTIFF, | § § | |
| V. | § § | CIVIL ACTION NO. B-01-85 |
| S. MARK ROBERTS | § § | |
| DEFENDANT. | § § § | |

### PLAINTIFF, ALLSTATE CASUALTY COMPANY'S, JOINT DISCOVERY/CASE MANAGEMENT PLAN REQUIRED BY RULE 26(f)

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   **RESPONSE**: Pursuant to Rule 26(f), counsel for Plaintiff, Martin J. Phipps, requested a meeting with Defendant, S. Mark Roberts, Pro Se, on June 6, 2001 in order to discuss the scheduling order, possibilities of a prompt settlement and resolution, and discovery deadlines. However, Defendant did not respond. Allstate, therefore, offers its proposed discovery plan.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **RESPONSE**: There are no other cases related to this other than the lawsuit that is the subject matter of this declaratory judgment action (Underlying Lawsuit) which was filed in Cause No.: 2000-06-2441-A; *Deborah Louise Roberts v. Mark Roberts*; 107th District Court, Cameron County, Texas.

3. Specify the allegation of federal jurisdiction

   **RESPONSE**: Diversity.

4. Name the parties who disagree and the reasons.

   **RESPONSE**: None.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    **RESPONSE**: None at this time.

6.  **List anticipated interventions.**

    **RESPONSE**: None.

7.  **Describe class-action issues.**

    **RESPONSE**: None.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    **RESPONSE**: Plaintiff, Allstate, has made its initial disclosures required by Rule 26(a). Defendant has not made his in initial disclosures, but Allstate will give Defendant until July 15, 2001 to make his initial disclosures.

9.  **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

    **RESPONSE**: The parties have agreed to produce responses pursuant to FRCP 26 on or before **July 30, 2001**.

    B.  **When and to whom the plaintiff anticipates it may send interrogatories.**

    **RESPONSE**: Plaintiff anticipates sending interrogatories to Defendant, S. Mark Roberts on or before **July 2, 2001**.

    C.  **When and to whom the defendant anticipates it may send interrogatories.**

    **RESPONSE**: Plaintiff, Allstate does not know.

    **D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

**RESPONSE**: None at this time because this is a declaratory judgment action.

    **E.    Of whom and by when the defendant anticipates taking oral depositions.**

**RESPONSE**: None at this time because this is a declaratory judgment action.

    **F.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

**RESPONSE**: None at this time because this is a declaratory judgment action.

    **G.    List expert depositions the defendant anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

**RESPONSE**: None at this time because this is a declaratory judgment action.

**10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

**RESPONSE**: None.

**11.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

**RESPONSE**: None.

**12.    State the date the planned discovery can reasonably be completed.**

**RESPONSE**: 180 days or November 27, 2001.

**13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

**RESPONSE**: There is no reasonable possibility for a prompt settlement or resolution of this case because it is a declaratory judgment action.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    **RESPONSE**: Plaintiff, Allstate Casualty Company will prepare and file its motion for summary judgment based on the allegations in the Declaratory Judgment Action.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

    **RESPONSE**: Not applicable.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    **RESPONSE**: The parties do not object to a trial before the magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    **RESPONSE**: No.

18. **Specify the number of hours it will take to present the evidence in this case.**

    **RESPONSE**: 5-10 hours.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    **RESPONSE**: None.

20. **List other motions pending.**

    **RESPONSE**: None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    **RESPONSE**: None.

**22.  List the names, bar numbers, addresses and telephone numbers of all counsel.**

**RESPONSE**:

**FOR PLAINTIFF:**
MARTIN J. PHIPPS
ADAMI, GOLDMAN & SHUFFIELD, INC.
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228
State Bar No. 00791444
Federal Bar No. 20104

By: _____
       MARTIN J. PHIPPS

Date: __6/15/01_____