

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALLSTATE CASUALTY COMPANY, | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | Civil Action No B-01-85 |
| | § | |
| S. MARK ROBERTS | § | |
| DEFENDANT | § | |

United States District Court
Southern District of Texas
FILED

AUG 0 7 2001

Michael N. Milby
Clerk of Court

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

     On August 7, 2001, Defendant's counsel, Daniel L. Rentfro, Jr., had a telephone conference with Plaintiff's counsel, Martin J. Phipps.

2.   List the cases related to this one that are pending in any state or federal court, with the case number and court.

     This declaratory judgment action is the subject of the Underlying Lawsuit which was filed in Cause No. 2000-06-2441-A; Deborah Louise Roberts v. Mark Roberts; 107th District Court, Cameron County, Texas.

3.   Specify the allegation of federal jurisdiction.

     The suit involves diversity jurisdiction pursuant to 28 U.S.C. §1332.

4.   Name the parties who disagree and the reasons.

     No disagreement as to jurisdiction.

5.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

     None at this time.

6.   List anticipated interventions.

     None.

1

7.  Describe class-action issues.

    None.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    No initial disclosures have been made. Parties will respond to Rule 26(a) disclosures within 30 days of filing the case management plan.

9.  Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

        Parties will respond within 60 days of filing the case management plan.

    B.  When and to whom the plaintiff anticipates it may send interrogatories.

        Plaintiff expects to send one set of interrogatories within 90 days of filing the case management plan.

    C.  When and to whom the Defendant anticipates it may send interrogatories.

        Defendant expects to send one set of interrogatories within 120 days of filing the case management plan.

    D.  Of whom and by when the Plaintiff anticipates taking oral depositions.

        Plaintiff will determine which persons to depose based on Defendant's discovery responses and disclosures. Plaintiff expects to conduct such depositions within the next 6 months.

    E.  Of whom and by when the Defendant anticipates taking the oral depositions.

        Defendant will determine which persons to depose based on Plaintiff's discovery responses and disclosures. Defendant expects to conduct such depositions within the next 6 months.

    F.  List expert depositions the Plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Plaintiff does not anticipate taking any expert depositions at this time. Plaintiff will make a final determination as to whether it will depose any

2

experts following Defendant's discovery disclosures. Plaintiff expects to conduct such depositions, if necessary, within the next 6 months.

    G.    List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant does not anticipate taking any expert depositions at this time. Defendant will make a final determination as to whether it will depose any experts following Plaintiff's discovery disclosures. Defendant expects to conduct such depositions, if necessary, within the next 7 months.

10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Parties agree.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

12.    State the date the planned discovery can reasonably be completed.

    February 1, 2002.

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    This is a declaratory judgment action therefore, the possibility of settlement is remote.

14.    Describe what each party has done or agreed to do to bring about a prompt resolution.

    Parties have agreed to work diligently for prompt resolution.

15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    None.

16.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Parties do not consent to a magistrate judge.

3

17. State whether a jury demand has been made and if it was made on time.

   No demand made.

18. Specify the number of hours it will take to present the evidence in this case.

   1/2 day.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   There are no motions pending.

20. List other motions pending.

   There are no other motions pending.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   None.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

   <u>Attorneys for Defendant</u>

   Daniel L. Rentfro, Jr.          -     Attorney in Charge
   State Bar No. 16782010
   Fed. Id. 5957
   Roman Dean Esparza
   State Bar No. 00795337
   Fed Id. 22703
   Rentfro, Faulk & Blakemore, L.L.P.
   185 East Ruben Torres Blvd.
   Brownsville, Texas 78521
   (956) 541-9600
   (956) 541-3414 (FAX)

4

<u>Attorney for Plaintiff</u>

Martin J. Phipps
State Bar No. 00791444
Fed. Id. 20104
Adami, Goldman & Shuffield
Nowlin Building
9311 San Pedro, Ste. 900
San Antonio, Texas 78216
(210)344-0500
(210)344-7228 (FAX)

    Respectfully submitted,

    **RENTFRO, FAULK & BLAKEMORE, L.L.P.**

    By: _____
    Daniel L. Rentfro, Jr.
    State Bar No. 16782010
    Fed. Id. 5957
    Roman Dean Esparza
    State Bar No. 00795337
    Fed Id. 22703
    185 East Ruben Torres Blvd.
    Brownsville, Texas 78521
    (956) 541-9600
    (956) 541-3414 (FAX)
    ATTORNEY FOR DEFENDANT
    S. MARK ROBERTS

    **ADAMI, GOLDMAN & SHUFFIELD**

    By: _____
    Martin J. Phipps
    State Bar No. 00791444
    Fed. Id. 20104
    Nowlin Building
    9311 San Pedro, Ste. 900
    San Antonio, Texas 78216
    (210)344-0500
    (210)344-7228 (FAX)
    ATTORNEY FOR PLAINTIFF,
    ALL STATE CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this __7th__ day of August, 2001, a true and correct copy of the foregoing instrument was forwarded to opposing counsel via facsimile and/or U.S. Mail first class prepaid delivery.

_____
Daniel L. Rentfro, Jr.